PROB 12C
(6/16)

Report Date: August 27, 2024

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 27, 2024

SEAN F. MCAVOY, CLERK

**Petition for Warrant or Summons for Offender Under Supervision**

Name of Offender: Gary Lee Day, II          Case Number: 0980 2:18CR00158-SAB-1

Address of Offender: ▇▇▇▇▇▇▇▇ Nespelem, Washington 99155

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, Senior U.S. District Judge
Name of Supervising Judicial Officer:  The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: August 7, 2019

| | | |
|---|---|---|
| Original Offense: | Crime on Indian Reservation, Assault Resulting in Serious Bodily Injury, 18 U.S.C. §§ 113 (a)(6) and 1153 | |
| Original Sentence: | Prison - 50 months<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(January 19, 2024) | Prison - 6 months<br>TSR - 30 months | |
| Asst. U.S. Attorney: | Earl Allan Hicks | Date Supervision Commenced: June 12, 2024 |
| Defense Attorney: | Andrea K. George | Date Supervision Expires: December 11, 2026 |

### PETITIONING THE COURT

To issue a warrant.

Mr. Day's conditions of supervised release were reviewed with him on June 20, 2024, and he acknowledged an understanding of the terms and conditions of his supervised release

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #6**: You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.<br><br>**Supporting Evidence**: It is alleged that Mr. Day violated the conditions of his supervision as he failed to allow his probation officer to visit him at his home or elsewhere on July 30, 2024.<br><br>On July 30, 2024, at approximately 9 a.m. the undersigned the spoke with Mr. Day and informed him that a home contact was going to take place at his residence on that date. Mr. Day stated he was not currently home but would be at his residence by the time the undersigned would arrive. At 11:32 a.m., the undersigned arrived at Mr. Day's residence and |

his grandmother reported that he was not present. The undersigned requested that Mr. Day's grandmother ask Mr. Day to contact the undersigned officer as soon as he returned to the residence. Mr. Day's grandmother stated she would do so.

At 2:47 p.m., the undersigned attempted to again make contact with Mr. Day at his residence and his grandmother informed the undersigned Mr. Day had still not returned home. Additionally, he was not answering the undersigned officer's telephone calls. At approximately 8:33 p.m., the undersigned received a text message from Mr. Day apologizing for not being available today and that he lost track of time as he went swimming.

2     **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: It is alleged that Mr. Day violated the conditions of his supervision as he failed to report to the probation officer as instructed on August 8, and 21, 2024.

On July 30, 2024, after Mr. Day failed to make himself available for a home contact, he was directed to report to the U.S. Probation Office on August 8, 2024. On August 8, 2024, the undersigned spoke with Mr. Day and he stated that he did not have transportation to make it to the previously set appointment. The undersigned then directed Mr. Day to report to the U.S. Probation Office on August 21, 2024, as he stated he would have transportation on this date. On August 21, 2024, Mr. Day failed to report to the U.S. Probation Office as directed and/or contact the undersigned in any manner.

3     **Standard Condition # 9**: If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

**Supporting Evidence**: It is alleged that Mr. Day violated the conditions of his supervised release as he failed to report law enforcement contact within 72 hours after he was questioned by a law enforcement officer on August 14, 2024.

On August 14, 2024, an officer with the Colville Tribe Police Department (CTPD) contacted the U.S. Probation Office to inform that Mr. Day's live-in relatives contacted law enforcement as they stated they were frightened of Mr. Day. The CTPD officer spoke with Mr. Day and provided him a ride to a different residence. As of this writing, Mr. Day has failed to report to the undersigned that he was questioned by law enforcement.

4     **Mandatory Condition #1**: You must not commit another federal, state or local crime.

**Supporting Evidence**: It is alleged that Mr. Day violated the conditions of supervised release by committing the criminal offense of abuse of a vulnerable adult on or about August 21, 2024.

On August 21, 2024, at approximately 11:25 p.m., per a statement of probable cause on Colville Tribal case number 24-1800, a CTPD officer was dispatched to Mr. Day's residence after his mother and grandmother requested an officer come to their house. A CTPD officer spoke with Mr. Day's mother and grandmother and they informed with the officer they are scared of him and want him out their residence. Mr. Day was not located at the residence by CTPD officers. On August 22, 2024, Mr. Day was arrested and booked into the Colville

Prob12C
Re: Day, II, Gary Lee
August 27, 2024
Page 3

|   |   |
|---|---|
|   | Tribe Corrections Center for the crime of abuse of a vulnerable adult. As of this writing, Mr. Day remains in tribal custody. |
| 5 | **Special Condition # 2**: You must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. You must allow reciprocal release of information between the supervising officer and treatment provider. You must contribute to the cost of treatment according to your ability to pay. |
|   | **Supporting Evidence**: It is alleged that Mr. Day has violated the conditions of his supervised release by failing to obtain a mental health evaluation. |
|   | On June 12, 2024, Mr. Day commenced his term of supervised release. On June 20, 2024, Mr. Day reported to the U.S. Probation Office and was directed to obtain a mental health evaluation and follow through with any recommended treatment. As of this writing, Mr. Day has failed to obtain and/or show proof that he has completed a mental health evaluation. |
| 6 | **Special Condition # 4**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider. |
|   | **Supporting Evidence**: It is alleged that Mr. Day has violated the conditions of his supervised release by failing to obtain a substance abuse evaluation. |
|   | On June 12, 2024, Mr. Day commenced his term of supervised release. On June 20, 2024, Mr. Day reported to the U.S. Probation Office and was directed to obtain a substance abuse evaluation and follow through with any recommended treatment. As of this writing, Mr. Day has failed to obtain and/or show proof that he has completed a substance abuse evaluation. |

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   August 27, 2024

s/Jonathan C. Bot

Jonathan C. Bot
U.S. Probation Officer

Prob12C
Re: Day, II, Gary Lee
August 27, 2024
Page 4

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

*Stanley A. Bastian*

Signature of Judicial Officer

8/27/2024

Date